STATE v. LARRY WAYNE SMITH.

(Filed 6 July, 1966.)

1. Indictment and Warrant § 9;  Burglary § 2.1—

An indictment charging that defendant broke and entered "a certain building occupied by one Chatham County Board of Education, a Government corporation" is fatally defective in failing to identify the premises with sufficient certainty to enable defendant to prepare his defense and afford him protection from another prosecution for the same incident.

2. Criminal Law § 131—

Where a valid sentence is made to begin at the expiration of a sentence vacated on appeal, a revised commitment for the valid sentence must be dated and be effective as of the date of the original commitment in order to give defendant credit for the time theretofore served.

MOORE, J., not sitting.

APPEAL by defendant from Bickett, J., Regular February 1966 Session, CHATHAM Superior Court.

In Case No. 3478 the defendant was charged in a bill of indictment with breaking and entering "a certain building occupied by one Chatham County Board of Education" and in a second count with the larceny of a Hi Fi record player belonging to Chatham County Board of Education. He entered a plea of guilty "to the felony of breaking and entering, and to the misdemeanor of larceny of a Hi Fi record player" and the court pronounced judgment that he be confined in the State's prison for a term of not less than six nor more than ten years.

In Case No. 3549, the defendant was charged with a violation

of G.S. 14-69.1 of falsely reporting that a bomb was then located in the Henry Siler School building, *et cetera.* He plead guilty to this charge and the judgment pronounced was that he be confined in the common jail of Chatham County for a term of eighteen months, assigned to work under the supervision of the State Prison System. This sentence to begin at the expiration of the sentence imposed in Case No. 3478, *et cetera.* The defendant appealed both judgments.

*T. W. Bruton, Attorney General, Harry McGalliard, Deputy Attorney General for the State.*

*L. T. Dart, Jr., counsel for appellant.*

PER CURIAM. The charge in 3478 that the defendant broke and entered "a certain building occupied by one Chatham County Board of Education, a Government corporation," *et cetera,* is fatally defective in that it fails to identify the premises with sufficient certainty to enable the defendant to prepare his defense and offer him protection from another prosecution for the same incident. It appears from the brief that he actually entered the Henry Siler School in Siler City but under the general description of ownership in the bill, it could have as well been any other school building or other property owned by the Chatham County Board of Education. For this reason, the bill is hereby quashed as to the first count and the judgment vacated without prejudice to the right of the solicitor to send a proper bill. No judgment having been pronounced on the second count of larceny, a misdemeanor, the cause is remanded for that purpose.

Inasmuch as the valid judgment of eighteen months pronounced in 3549 was made to begin at the expiration of the sentence imposed in Case No. 3478, it is hereby ordered that a revised commitment be issued by the Clerk of Superior Court of Chatham County, dated on the date of the original commitment, and effective upon that date, to be substituted for the commitments heretofore issued. The effect will be that the defendant will receive credit upon the new commitment for the time heretofore served upon the invalid commitment issued in Case No. 3478.

As to Case No. 3478 with respect to first count

Judgment vacated.

As to Case No. 3478 with respect to second count

Remanded.

As to Case No. 3549

Modified and affirmed.

MOORE, J., not sitting.