STATE OF NORTH CAROLINA v. WALLACE BURGESS.

(Filed 27 March 1968.)

1. **Burglary and Unlawful Breakings § 8; Constitutional Law § 36—**
   Sentence of imprisonment of 10 years, imposed upon defendant's plea of guilty to the charge of felonious breaking and entering, is within the statutory maximum provided by G.S. 14-54, and does not constitute cruel and unusual punishment in the constitutional sense nor show abuse of the trial court's discretion.

2. **Larceny § 10; Constitutional Law § 36—**
   Sentence of imprisonment for five to ten years, imposed upon defendant's plea of guilty to the charge of felonious larceny, is within the statutory maximum provided by G.S. 14-72, and does not constitute cruel and unusual punishment in the constitutional sense nor show abuse of the trial court's discretion.

3. **Burglary and Unlawful Breakings § 3; Indictment and Warrant § 9—**
   An indictment charging that the defendant did feloniously break and enter a certain storehouse, shop, warehouse, dwellinghouse, bankinghouse, etc., occupied by a named person is not fatally defective in failing to identify the premises with more particularity, although the better practice would seem to require that prosecuting officers identify the subject premises by some clear description and designation to set the premises apart from like and other structures described in G.S. Chapter 14, Art. 14.

4. **Larceny § 4—**
   An indictment alleging the taking of a television set and radio of a value of $250 from a named person adequately charges felonious larceny. G.S. 14-72.

APPEAL by defendant from *Bailey, J.,* 11 December 1967 Criminal Session of DURHAM Superior Court.

Defendant was charged in a bill of indictment with the felony of breaking and entering a certain storehouse, shop, warehouse, dwellinghouse, bankinghouse, countinghouse and building occupied by one Dreame A. Glover wherein merchandise, *et cetera,* were being kept, and in a second count with the felony of larceny of personal property, to wit, one Delmonico television set and a Westinghouse clock

radio of the value of $250 of the goods, chattels and moneys of Dreame A. Glover.

In the statement of the case on appeal it is asserted that this is a criminal action in which the defendant, Wallace Burgess, is charged with unlawfully, wilfully and feloniously, with force and arms, breaking into a dwelling house occupied by one Dreame A. Glover with intent to steal and take away chattels and other valuables of the said Dreame A. Glover, and with feloniously stealing and taking away goods and merchandise of the said Dreame A. Glover as set forth in the bill of indictment.

Defendant, through his counsel, tendered a plea of guilty to the felonies of housebreaking and larceny as set forth in the bills of indictment. Before accepting the pleas, the court conducted an oral and written inquiry and found and adjudged that the pleas were freely, understandingly and voluntarily made.

On the breaking and entering count, the defendant was sentenced to a term of ten years in the custody of the North Carolina Department of Corrections. On the larceny count, he was sentenced to a term of not less than five years nor more than ten years, this sentence to commence at the expiration of the sentence imposed in the breaking and entering count.

Defendant, an indigent, through his court-appointed counsel, appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwin for the State.*

*Haywood, Denny & Miller by James H. Johnson, III, for defendant.*

MALLARD, C.J. The only assignment of error asserted by the defendant is that the sentences imposed by the court were excessive. He contends that they constitute cruel and unusual punishment contrary to his constitutional rights, and that the court abused its discretion in imposing said sentences.

The first count in the bill of indictment charges the felony of breaking or entering in violation of G.S. 14-54, and the second count charges the felony of larceny of personal property of the value of over $200. The defendant freely, understandingly and voluntarily pleaded guilty to both counts.

No abuse of discretion is shown. The prison sentences imposed do not exceed the maximum provided by G.S. 14-54 and 14-72. The Supreme Court said in *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216, "We have held in case after case that when the punishment does not

exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." See also *State v. Greer,* 270 N.C. 143, 153 S.E. 2d 849.

In an addendum to his brief, defendant contends that the indictment is fatally defective for that it does not properly identify the premises, and he makes a motion in arrest of judgment. The first count in the indictment charges that the defendant did feloniously break and enter "a certain storehouse, shop, warehouse, dwelling house, bankinghouse, countinghouse and building occupied by one Dreame A. Glover. . . ."

We think that this case is clearly distinguishable from the case of *State v. Smith,* 267 N.C. 755, 148 S.E. 2d 844, relied on by the defendant. In the *Smith* case the court held that the description of the property in the bill of indictment, "a certain building occupied by one Chatham County Board of Education, a Government corporation," was fatally defective because under the general description of ownership, it could have been any school building or property owned by the Chatham County Board of Education. Obviously, the Board of Education of Chatham County owns more than one building. The ownership of the personal property in this case is alleged to be in an individual and the premises described, among other things, as the dwelling house occupied by Dreame A. Glover. In the light of the growth in population and in the number of structures (domestic, business and governmental), the prosecuting officers of this State would be well advised to identify the subject premises by street address, highway address, rural road address or some clear description and designation to set the subject premises apart from like and other structures described in G.S. Chap. 14, Art. 14. Nevertheless, in this case we hold that the indictment sufficiently described and designated the premises. The defendant's motion in arrest of judgment on the first count is denied.

The second count in the bill of indictment adequately charges the defendant with the felony of larceny of the television set and clock radio and alleges that they were property of Dreame A. Glover and had a value of $250. The larceny of property of the value of over $200 is a felony. G.S. 14-72; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91.

The defendant's motion in arrest of the judgment on the second count is without merit.

No error appears on the face of the record.

Affirmed.

BROCK and BRITT, JJ , concur.