STATE OF NORTH CAROLINA v. JUNIOR McDOWELL AND JACK ROGER HARRISON AND RAEFORD LEE HILL.

(Filed 12 June 1968.)

**1. Burglary and Unlawful Breakings § 3—**

In bills of indictment charging a violation of G.S. 14-54, the use by the solicitor of an identifying address for the premises broken into or entered is noted with approval.

**2. Criminal Law § 107—**

A fatal variance between the indictment and the proof is properly raised by a motion for judgment as of nonsuit.

**3. Burglary and Unlawful Breakings § 2—**

G.S. 14-54 condemns three separate offenses: a person shall be guilty of a felony if, with intent to commit a felony or other infamous crime therein, (1) he shall break or enter the dwellinghouse of another otherwise than by a burglarious breaking; (2) he shall break or enter any storehouse, shop, warehouse, bankinghouse, countinghouse, or other building where any merchandise, chattel, etc. shall be; or (3) he shall break or enter any uninhabited house.

**4. Indictment and Warrant § 9—**

The State must charge the offense it intends to prove, since it is upon the offense charged that a defendant must predicate his plea of former jeopardy.

**5. Indictment and Warrant § 17—**

It is the settled rule that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense.

**6. Burglary and Unlawful Breakings § 3—**

There is a fatal variance between pleading and proof where the indictment alleges the felonious breaking or entering of a certain storehouse, shop, warehouse, etc., occupied by a named person, and the evidence tends to show a breaking or entering of the dwelling house of a named person, the offense alleged in the indictment being separate and distinct from the offense raised by the evidence. G.S. 14-54.

APPEAL by defendants from *Gambill, J.,* 13 November 1967 Session, Davidson Superior Court.

The defendant McDowell was charged in a bill of indictment (case # 13,524) as follows:

"STATE OF NORTH CAROLINA      SUPERIOR COURT
DAVIDSON COUNTY      NOVEMBER 6TH MIXED
     TERM, A. D. 1967.

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Junior McDowell, late of the County of Davidson, on the 29th day of August, 1967, with force and arms, at and in the County aforesaid, a certain storehouse, shop, warehouse, banking house, countinghouse and building, occupied by one Joel and Juanita Loflin, Route 2, Box 170K, Denton, North Carolina, wherein merchandise, chattels, money, valuable securities were, and were being kept, unlawfully, willfully and feloniously did break or enter, with intent the merchandise, chattels, money, valuable securities of the said Joel and Juanita Loflin, then and there

being found, to steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

CHARLES T. KIVETT, Solicitor."

The defendant Harrison was charged in a bill of indictment (case # 13,525) identical in wording except for defendant's name.

The cases were consolidated for trial in the Superior Court, and consolidated for purposes of this appeal. Each defendant is represented by separate court-appointed counsel, but they properly consolidated the Record.

The evidence for the State tended to show a breaking or entering the dwelling house of Joel and Juanita Loflin at the address given in the bills of indictment.

At the close of the State's evidence each defendant moved for judgment of nonsuit, which motions were denied. At the close of all the evidence each defendant renewed his motion for judgment of nonsuit, and to the denials of their motions each defendant excepts and assigns error.

The jury returned verdicts of guilty as charged as to each defendant, and from judgments of imprisonment the defendants appealed.

*T. W. Bruton, Attorney General by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*William H. Steed for defendant appellant Junior McDowell.*

*Barnes and Grimes by Beamer Barnes, for defendant appellant Jack Roger Harrison.*

BROCK, J.   At the outset we note with favor that in the bills of indictment the solicitor used an identifying address for the premises in question. *State v. Sellers,* 273 N.C. 641, 161 S.E. 2d 15; *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105.

The defendants contend there was a fatal variance between the proof and the charges in the bills of indictment. A fatal variance between the indictment and the proof is properly raised by a motion for judgment as of nonsuit. 2 Strong, N. C. Index 2d, Criminal Law, § 107, p. 660. The defendants assert that they were charged with the second offense described in G.S. 14-54, and that the State's evidence tended to prove guilt of the first offense described in G.S. 14-54. The statute reads as follows:

"If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling

house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, bankinghouse, countinghouse or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabited house, he shall be guilty of a felony . . ."

The State contends that the use of the words "or other building" contained in the second portion of the statute makes that portion sufficiently broad to include a dwelling house. However, we note that, upon another assignment of error in this case, the State contends it was not required to offer evidence of "any merchandise, chattel, money, valuable security or other personal property" in the building as provided in the second portion of the statute because the State proved that it was a "dwelling." These two arguments seem to us to lend credence to defendants' arguments that the first and second portions of the statute describe two separate and distinct. offenses.

In *State v. Mumford*, 227 N.C. 132, 41 S.E. 2d 201, Justice Barnhill, later Chief Justice, traced the origin of G.S. 14-54 and points out the various amendments thereto. In 1883 the statute was amended so as to include, in all material respects, the first portion as it now appears. In *State v. Mumford*, Justice Barnhill stated: "Thus from the beginning, in respect to a dwelling, it is the entering otherwise than by a burglarious breaking, with intent to commit a felony, that constitutes the offense condemned by the Act." It seems clear that the portion of the statute dealing with a *dwelling house* is distinct from the portion dealing with *any storehouse, shop, etc., where any merchandise, etc., shall be;* and that both are distinct from the portion dealing with *any uninhabited house.*

We construe G.S. 14-54 to condemn three separate felonies as follows: (1) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter the dwelling house of another otherwise than by a burglarious breaking, he shall be guilty of a felony, *State v. Slade*, 264 N.C. 70, 140 S.E. 2d 723; (2) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter any storehouse, shop, warehouse, bankinghouse, countinghouse or other building where any merchandise, chattel, money, valuable security or other personal property shall be, he shall be guilty of a felony; (3) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter any uninhabited house, he shall be guilty of a felony.

The State further urges that the defendants were not misled in the preparation of their defense because there is no evidence to show there were any other structures at the address given in the

bills of indictment. Of course, the fact that the evidence does not disclose there were other structures does not exclude the possibility that there in fact were others. But, be that as it may, the State must charge the offense it intends to prove; it is upon the offense charged that a defendant must predicate his plea of former jeopardy. It is the settled rule that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense. This rule is based upon the requirements that the accused shall be definitely informed as to the charges against him, and that he may be protected against another prosecution for the same offense. 27 Am. Jur., Indictments and Information, § 177, p. 722.

If these convictions were allowed to stand upon these bills of indictment, the defendants could not successfully plead former jeopardy if later charged in bills of indictment with the offense of breaking or entering the *dwelling house* of Joel and Juanita Loflin, as provided in the first portion of G.S. 14-54. The defendants' motions for judgments as of nonsuit upon the grounds of a fatal variance between the offenses charged and the proof should have been allowed.

This disposition makes unnecessary a discussion of the remaining assignments of error.

The State, if it elects, may try the defendants upon bills of indictment properly charging the defendants with the offense as condemned by the first portion of G.S. 14-54.

Reversed.

MALLARD, C.J., and PARKER, J., concur.