STATE OF NORTH CAROLINA v. EDDIE LEE MELTON

No. 7027SC164

(Filed 6 May 1970)

1. Criminal Law §§ 1, 138;  Burglary and Unlawful Breakings § 2; Statutes § 10—  felonious breaking or entering — G.S. 14-54 — effect of 1969 amendment

   A defendant may be prosecuted and punished, after the effective date of the 1969 amendment to G.S. 14-54, for the violation of G.S. 14-54 as it existed prior to the effective date of the 1969 amendment, since the amendment was enacted for the purpose of clarifying the laws relating to burglary and repealed G.S. 14-54 only insofar as the statute conflicted with the amendment.

2. Criminal Law § 1;  Statutes § 10—  amendment of criminal statute — effect on prosecution

   Except insofar as an amendment may operate as an implied repeal of a statute, the amendment of a criminal statute does not affect the prosecution or punishment of a crime committed before the amendment became effective.

3. Burglary and Unlawful Breakings § 6—  instructions — charge on rewritten statute

   In a prosecution under G.S. 14-54 for a felonious breaking and entering committed prior to the 1969 act rewriting the statute, the trial court erred in reading to the jury G.S. 14-54 in its rewritten form and in instructing the jury on the elements described in the rewritten form, even though the evidence would have justified a jury finding of guilt under either the prior statute or the rewritten statute.

4. Burglary and Unlawful Breakings § 3—  sufficiency of indictment

   Indictment properly charged defendant with the violation of G.S. 14-54 as it existed prior to the 1969 amendment to the statute, although it would have been desirable had the indictment particularly identified the building allegedly broken into.

APPEAL by defendant from *May, J.,* October 1969 Session of GASTON Superior Court.

Defendant was charged in a bill of indictment with the offense of breaking and entering "a certain storehouse, shop, warehouse, dwelling house, bankinghouse, countinghouse and building occupied by one Kenneth Walsh wherein merchandise, chattels," *et cetera,* were being kept, with intent to commit larceny. He pleaded not guilty, was found guilty by the jury, and from judgment on the verdict imposing active prison sentence, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Donald M. Jacobs for the State.*

*Childers & Fowler, by Max L. Childers for defendant appellant.*

PARKER, J.

[1] The bill of indictment charged and the State's evidence indicated that the offense was committed on 6 May 1969. On that date G.S. 14-54 read as follows:

"§ 14-54. *Breaking into or entering houses otherwise than burglariously.* — If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, bankinghouse, countinghouse or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabited house, he shall be guilty of a felony, and shall be imprisoned in the State's prison or county jail not less than four months nor more than ten years. Where such breaking or entering shall be wrongfully done without intent to commit a felony or other infamous crime, he shall be guilty of a misdemeanor."

By Section 3 of Chapter 543 of the 1969 Session Laws, entitled "An Act to Clarify the Laws Relating to Burglary and Related Offenses," G.S. 14-54 was rewritten to read as follows:

" 'G.S. 14-54. *Breaking or entering buildings generally.* (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2.

(b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).

(c)   As used in this Section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.' "

Chapter 543 of the 1969 Session Laws became effective upon its ratification on 23 May 1969 and was in effect at the time of the trial of this case. This appeal presents the question whether defendant may be prosecuted after the effective date of the 1969 act for violation of G.S. 14-54 as it existed prior to the effective date of that act. We hold that defendant in this case may be so prosecuted.

**[1, 2]**   It is true that "[t]he rule is that when a criminal statute is expressly and unqualifiedly repealed after the crime has been committed, but before *final judgment* — even though after conviction —, no punishment can be imposed." *State v. Pardon*, 272 N.C. 72, 157 S.E. 2d 698. However, G.S. 14-54 was not "expressly and unqualifiedly repealed" by the 1969 act; it was repealed only insofar as in conflict with that act. Section 7, Chapter 543 of the 1969 Session Laws. Moreover, the title of the 1969 act expresses the legislative intent to clarify, not to repeal, "the laws relating to burglary and related offenses." It is, therefore, clear that the 1969 act amended, rather than repealed, G.S. 14-54. "As a general rule, except in so far as an amendment may operate as an implied repeal of a statute, . . . the amendment of a criminal statute does not affect the prosecution or punishment of a crime committed before the amendment became effective, but as to such crimes the original statute remains in force." 22 C.J.S. Criminal Law, § 26, p. 87. Therefore, defendant in the present case may be prosecuted, and if lawfully convicted may be punished, after the effective date of the 1969 amendment for a violation of G.S. 14-54 as it existed prior to the effective date of that amendment.

**[3]**   When charging the jury at the trial of the present case, the trial judge read to the jury G.S. 14-54 in its form as rewritten by the 1969 act and instructed the jury as to the essential elements of the offense described in the statute as so rewritten. In this there was error. Defendant was entitled to have the jury clearly instructed only as to the essential elements of the offense described in the statute as it existed on the date the offense was committed. As pointed out in *State v. McDowell*, 1 N.C. App. 361, 161 S.E. 2d 769, G.S. 14-54 as previously worded defined three separate felonies: "(1) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter the dwelling house of another otherwise

than by a burglarious breaking, he shall be guilty of a felony . . .; (2) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter any storehouse, shop, warehouse, bankinghouse, countinghouse or other building where any merchandise, chattel, money, valuable security or other personal property shall be, he shall be guilty of a felony; (3) If any person, with intent to commit a felony or other infamous crime therein, shall break or enter any uninhabited house, he shall be guilty of a felony." The first offense listed in *State v. McDowell, supra,* required the State to prove beyond a reasonable doubt that the building allegedly broken or entered was a dwelling house; this element is not essential to a conviction under the statute as rewritten. The second offense listed in *State v. McDowell, supra,* required the State to prove beyond a reasonable doubt the presence of personal property in the building; this element is not essential to a conviction under the rewritten statute. It is apparent, therefore, that in order to sustain a conviction of either of the first two offenses as described in *State v. McDowell, supra,* it was necessary for the jury to find the existence of facts which would not be required to sustain a conviction under G.S. 14-54 as amended. While the evidence in the present case was sufficient to justify a jury finding that defendant was guilty of the offenses described in the statute both in the form in which it existed at the date the offense was committed and in its rewritten form, defendant was entitled to have the jury instructed as to what facts they were required to find in order to find him guilty under the statute as it existed on the date the offense was alleged to have been committed, without reference to the less stringent requirements of the amended statute.

[4]    The indictment in the present case was sufficient in form to charge defendant with violation of G.S. 14-54 as it existed on the date the offense was alleged to have been committed, and is practically identical to the form of indictment approved in *State v. Sellers,* 273 N.C. 641, 161 S.E. 2d 15. Therefore, defendant's motion to quash the indictment was properly overruled. We note, however, that the indictment failed to identify the subject premises by street address, highway address, or other clear designation. The desirability of particular identification in the indictment of the building alleged to have been broken into and entered was stressed in *State v. Sellers, supra,* as well as in *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105, both of which decisions related to G.S. 14-54 as it previously existed. Such particular identification is equally desirable in indictments drawn under the rewritten statute.

STATE *v.* MELTON

We do not find it necessary to pass upon other matters raised in appellant's assignments of error, since they may not recur upon a new trial, and for the error in the charge noted above, appellant is entitled to a

New trial.

BRITT and HEDRICK, JJ., concur.