State v. Cleary

STATE OF NORTH CAROLINA v. LONNIE CLEARY

No. 7023SC424

(Filed 5 August 1970)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

    The State's evidence, including testimony by an accomplice, was sufficient for the jury in this prosecution for breaking and entering and larceny.

2. **Burglary and Unlawful Breakings § 3— indictment for breaking and entering — sufficiency of description of the premises**

    An indictment charging that defendant did feloniously break and enter "a certain storehouse, shop, warehouse, dwelling house and building" occupied by a named person is not fatally defective in failing to identify the premises with sufficient particularity, although the better practice would be to identify the location of the subject premises by street address, rural road address or some other clear description and designation.

3. **Burglary and Unlawful Breakings § 3— breaking and entering — sufficiency of indictment**

    Bill of indictment sufficiently charged defendant with the felony of breaking and entering in violation of G.S. 14-54 as rewritten effective 23 May 1969.

4. **Larceny § 3— misdemeanor larceny — value of stolen property**

    The larceny of property, nothing else appearing, of the value of "not more than two hundred dollars" is a misdemeanor. G.S. 14-72.

5. **Larceny § 4— felonious larceny without regard to value of property — sufficiency of indictment**

    In order to properly charge the felony of larceny of property, without regard to the value of the property, the bill of indictment must contain one or more of the elements set out in G.S. 14-72(b).

6. **Larceny § 4— sufficiency of indictment to charge felonious larceny**

    Second count of indictment charging larceny of property of the value of $100 "then and there being found," *held* insufficient to charge the felony of larceny.

7. **Indictment and Warrant § 9— several counts — necessity for completeness of each count**

    In an indictment containing several counts, each count must be complete within itself.

8. **Criminal Law § 171; Larceny § 10— felonious breaking and entering — misdemeanor larceny — consolidation for judgment — sentence in excess of that allowed for misdemeanor**

    Where defendant was tried and convicted upon an indictment charging felonious breaking and entering and misdemeanor larceny,

and both counts were consolidated for judgment, the fact that the one sentence imposed is in excess of that permissible upon conviction of the misdemeanor is immaterial and is not prejudicial where it does not exceed that permitted upon conviction of the felony.

APPEAL by defendant from *Beal, S.J.,* April 1970 Regular Mixed Session of Superior Court held in WILKES County.

The defendant was tried upon a bill of indictment which reads, in pertinent part, as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT: That Lonnie Cleary and Sebon Johnson late of the County of Wilkes on the 30th day of December, A.D. 1969 with force and arms at and in the County aforesaid, a certain storehouse, shop, warehouse, dwelling house and building occupied by one Clarence Hutchens wherein merchandise, chattels, money, valuable securities were and were being kept, unlawfully, willfully and feloniously did break and enter with intent to steal, take, and carry away the merchandise, chattels, money, valuable securities of the said Clarence Hutchens against the form of the Statute in such case made and provided and against the peace and dignity of the State.

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, that Lonnie Cleary and Sebon Johnson on the 30th day of December in the year of our Lord 1969, with force and arms, at and in the county aforesaid, one radio, one shotgun and shells of the value of $100.00 (One Hundred Dollars), of the goods, chattels and moneys of one Clarence Hutchens then and there being found feloniously did steal, take and carry away, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State."

The jury found the defendant guilty of breaking and entering and guilty of larceny.

From judgment of imprisonment, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Eatman for the State.*

*Moore & Rousseau by Larry S. Moore for defendant appellant.*

MALLARD, C.J.

State v. Cleary

Defendant's counsel at the trial in the superior court was permitted to withdraw after the completion of the trial, and the above-named counsel was appointed to perfect this appeal. From the record in this case, it appears that defendant was ably represented by court-appointed counsel both in this court and at the trial in the superior court.

[1] Defendant assigns as error the failure of the trial judge to allow his motion for judgment of nonsuit. The defendant and Sebon Johnson (Johnson) were both charged in the same indictment. Upon motion of the State, the defendant was the only one tried. Together with other witnesses, Johnson was used by the State as a witness against the defendant. Recapitulation of the evidence is not deemed necessary. There was ample evidence of the defendant's guilt to require submission of the case to the jury.

Defendant assigns as error certain portions of the charge of the court and also contends that the court failed to properly instruct the jury in other respects. We have considered each of these assignments of error. When the record, evidence, and charge are read and considered together, no prejudicial error is made to appear. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966).

[2] At the time of the oral argument in this court, defendant filed a motion in arrest of judgment. Defendant asserted that the bill of indictment upon which the defendant was tried was defective because the identity of the building alleged to have been broken and entered was not alleged with sufficient particularity. The bill of indictment charged that the premises broken and entered was a "certain storehouse, shop, warehouse, dwelling house and building occupied by one Clarence Hutchens" in Wilkes County. The better practice would be for the prosecuting officers, in preparing bills of indictment, to identify the location of the subject premises by street address, rural road address, or some other clear description and designation. However, we hold that under the authority of *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105 (1968), and *State v. Sellers,* 273 N.C. 641, 161 S.E. 2d 15 (1968), the first count in the bill of indictment is sufficient in this case to charge the felony of breaking and entering.

[3] Defendant also included in the motion in arrest of judgment a motion to quash the bill of indictment. Defendant asserts that he was tried upon "a bill of indictment in conformity with the law of breaking and entering as it existed prior to May 23,

1969, and not in conformity with the provisions of G.S. 14-54 as it existed on and after May 23, 1969."

G.S. 14-54 as it "existed on and after May 23, 1969" reads as follows:

"BREAKING OR ENTERING BUILDINGS GENERALLY. — (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2.

(b)   Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3 (a).

(c)   As used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property."

While the first count in the bill of indictment in this case is not considered a model one, we are of the opinion that it sufficiently charges the felony of breaking and entering in violation of G.S. 14-54 as "it existed on and after May 23, 1969." The case of *State v. Melton,* 7 N.C. App. 721, 173 S.E. 2d 610 (1970), cited by defendant in support of his contentions, is not in conflict with this holding. The motions of the defendant to quash the bill of indictment and in arrest of judgment are overruled.

[4-7]   The second count in the bill of indictment is not sufficient to charge the defendant with the felony of larceny but is sufficient to charge the defendant with the misdemeanor of larceny. The value of the property alleged to have been stolen was $100.00. The larceny of property, nothing else appearing, of the value of "not more than two hundred dollars" is a misdemeanor. G.S. 14-72. In order to properly charge the felony of larceny of property, without regard to the value of the property, the bill of indictment must contain one or more of the elements set out in G.S. 14-72 (b). The words "then and there being found" contained in the second count in this bill of indictment are insufficient to charge that the larceny in this case was a felony committed pursuant to a violation of G.S. 14-54. It is elementary that in an indictment containing several counts, each count should be complete within itself. *State v. Jones,* 275 N.C. 432,

168 S.E. 2d 380 (1969) ; *State v. McKoy,* 265 N.C. 380, 144 S.E. 2d 46 (1965).

[8] Both counts in the bill of indictment were consolidated for judgment. The defendant was sentenced to a term of ten years in the state prison to be assigned to serve under the supervision of the State Department of Correction. A sentence of ten years is not in excess of that permitted by the statute upon a conviction of the felony of breaking and entering in violation of G.S. 14-54(a). The punishment upon conviction of the misdemeanor of larceny may not exceed two years. G.S. 14-72(a) ; G.S. 14-3.

There was only one sentence imposed in this case on the felony and the misdemeanor. The fact that the sentence imposed is in excess of that permissible upon conviction of the misdemeanor is immaterial and is not prejudicial because the one sentence imposed is not in excess of that permitted by the statute upon conviction of the felony. *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377 (1966) ; *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966) ; *State v. Slade,* 264 N.C. 70, 140 S.E. 2d 723 (1965).

We have considered all of the defendant's assignments of error and are of the opinion that the defendant has had a fair trial, free from prejudicial error.

No Error.

PARKER and HEDRICK, JJ., concur.