STATE OF NORTH CAROLINA v. THOMAS ELVERT CARROLL

No. 7027SC594

(Filed 16 December 1970)

**Burglary and Unlawful Breakings § 3; Indictment and Warrant § 11 — description of building broken or entered — sufficiency**

Indictment charging defendant with feloniously breaking and entering a "building occupied by one Duke Power Company, Inc.," is not fatally defective in failing to identify the subject premises with more particularity, although the better practice would be to identify the premises by street address, highway address, rural road address or some other clear description and designation.

APPEAL by defendant from *Falls, Superior Court Judge,* 27 April 1970 Session, CLEVELAND Superior Court.

Defendant was charged in a bill of indictment as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Thomas Elvert Carroll late of the County of Cleveland on the 10 day of February, 1970, with force and arms at and in the County aforesaid, a certain [*sic*] and building occupied by one Duke Power Company, Inc., a corporation, wherein merchandise, chattels, money, valuable securities and other personal property were being well kept, unlawfully, wilfully, and feloniously did break and enter with intent to steal, take and carry away the merchandise, chattels, money, valuable securities and other personal property of the said Duke Power Company, Inc., against the form and Statute in such case made and provided and against the peace and dignity of the State."

Defendant, through his court-appointed attorney, moved to quash the bill of indictment. The motion was denied and the defendant then tendered a plea of guilty. After due inquiry the court found that the plea was freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency. The State then offered evidence tending to show the following: On 10 February 1970 officers of the Cleveland County Sheriff's Department received information that someone had entered Duke Power Company's building on Highway 74. Upon arrival on these premises the officers discovered that a hole had been cut in the wire fence around the property and that the glass had been broken out of a window at the rear of the building. Defendant was observed inside the building and arrested. From judgment imposing a prison sentence, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Robert L. Bradley for defendant appellant.*

VAUGHN, Judge.

The defendant contends that the bill of indictment is fatally defective because it does not properly identify the premises the defendant was alleged to have feloniously broken and

entered. The question is properly presented by defendant's motion to quash in the trial court and his motion of arrest of judgment which was filed in this Court. This is the only question raised on appeal.

Under G.S. 14-54 as re-written by Chapter 543 of the Session Laws of 1969, the breaking or entering of *any* building with intent to commit a felony or larceny therein constitutes a felony. Thus the necessity for describing the building in the bill of indictment for the purpose of showing that it is within the statute no longer exists. It remains necessary, however, to identify the building with reasonable particularity so as to enable the defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense. It would be contrary to reason to suggest that the defendant could have, in the preparation of his defense, thought that the building referred to in the indictment as "occupied by one Duke Power Company" was one other than the building occupied by Duke Power Company in which he was arrested on the date alleged in the bill. The bill also describes the crime alleged in such detail as would enable the defendant to plead his conviction or acquittal thereof as a bar to another prosecution for the same offense. In *State v. Sellers,* 273 N.C. 641, 161 S.E. 2d 15, the building broken into was described in the bill only as one "occupied by one Leesona Corporation, a corporation." Although the description was held to be sufficient, the Supreme Court, as we do in the present case, quoted with approval the following language from *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105.

> " . . . In the light of the growth in population and in the number of structures (domestic, business and governmental), the prosecuting officers of this State would be well advised to identify the subject premises by street address, highway address, rural road address or some clear description and designation to set the subject premises apart from like and other structures described in G.S. Chap. 14, Art. 14."

No error.

Judges BROCK and MORRIS concur.