STATE OF NORTH CAROLINA v. DAVID VANCE JACKSON

No. 721SC118

(Filed 24 May 1972)

1. Criminal Law § 154— settlement of record on appeal

The trial court alone has authority to settle for the appellate court what occurred at the trial.

2. Criminal Law § 154— record on appeal — court's exclusion of Clerk's Worksheet of Judgment

The trial court did not err in excluding the "Clerk's Worksheet of Judgment" from the record on appeal, the Worksheet not being a part

of the record proper; even if the Clerk's Worksheet were included in the record on appeal, it could not be used to impeach the record as settled by the trial judge.

**3. Criminal Law § 144; Judgments § 6— correction of clerk's records — power of court**

The trial court had inherent power to make corrections on the "Clerk's Worksheet of Judgment" after term.

**4. Criminal Law § 134— incorrect commitment — judgment**

When the commitment fails to set forth the judgment correctly, it is void and the judgment itself controls.

**5. Criminal Law § 134— variance between judgment and commitment — correction**

Defendant is not entitled to a new trial by reason of a variance between the judgment and commitment, but the case is remanded for correction of the commitment, with defendant to be given credit for any time served upon the invalid commitment.

APPEAL by defendant from *Cohoon, Judge,* at the 6 September 1971 Session of CHOWAN Superior Court.

In this case defendant was charged in a warrant with the offenses of (1) operating a motor vehicle while under the influence of intoxicating liquor, second offense and (2) driving while his license was suspended. The defendant entered a plea of guilty to each charge in the district court. Judgment was entered sentencing defendant to a jail term.

Defendant appealed to Superior Court and again entered a plea of guilty to each charge. Upon ample evidence this plea was adjudged to have been freely, understandingly and voluntarily entered. Judgment was entered imposing a sentence of four months in the county jail on the count of driving under the influence of intoxicating liquor, second offense, and a consecutive jail sentence of four months on the count of driving while his license was suspended. The latter, however, was suspended upon certain conditions. The defendant has complied with those conditions, appealed from the active sentence and is free on bond awaiting the result of the appeal.

In the commitment order, defendant was ordered confined to the county jail on the plea of guilty to the charge of driving while his license was suspended. This was incorrect and not in compliance with the judgment.

From the judgment of the court below, defendant appealed.

In preparing the case on appeal the defendant's attorney included therein the "Clerk's Worksheet of Judgment." This document was excluded from the record when the record on appeal was settled by the trial court.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*W. J. P. Earnhardt, Jr., for defendant appellant.*

CAMPBELL, Judge.

Defendant assigns as error the exclusion of the "Clerk's Worksheet of Judgment" from the record on appeal. It is contended that this document is inconsistent with the judgment and was altered after term. Defendant argues that this document is necessary to an understanding of the appeal and should have been included in the record on appeal.

[1, 2]  In this jurisdiction it is well-settled law that the trial court alone has the authority to settle for this court what occurred at the trial. *State v. Allen,* 4 N.C. App. 612, 167 S.E. 2d 505 (1969). The Clerk's Worksheet is not a part of the record proper. It is, at best, analogous to a stenographer's notes, and it is clear that such notes cannot replace the trial court in settling what occurred at the trial. *State v. Allen, supra.* It was not error to exclude the Clerk's Worksheet of Judgment from the case on appeal. Even if the trial court had allowed the Clerk's Worksheet to be included in the case on appeal, it could not be used to impeach the record on appeal as settled by the trial judge. 4A C.J.S., Appeal and Error, § 731.

[3]  Defendant argues that the Clerk's Worksheet of Judgment was amended after the term and that this was error. It is sufficient to note that a court of record has the inherent power to amend its records or correct the mistakes of its clerk and no lapse of time will preclude the court from so doing. *State v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339 (1956). This assignment of error is overruled.

The defendant's final argument is that there is a variance between the judgment and commitment. Defendant maintains that a new trial should be granted.

We agree that there is a variance between the judgment and the commitment. In the judgment the active sentence was

imposed on the charge of driving under the influence of intoxicating liquor, second offense, while the commitment order confined defendant for driving during suspension of his license.

[4, 5] A valid judgment is the only authority for the lawful imprisonment of a person and when the commitment fails to set forth the judgment correctly it is void and the judgment itself controls. *In Re Swink*, 243 N.C. 86, 89 S.E. 2d 792 (1955). We do not agree with defendant that the proper remedy for this error is a new trial.

It is hereby ordered that a revised commitment be issued by the Clerk of Superior Court of Chowan County, dated on the date of the original commitment, and effective upon that date, to be substituted for the commitment heretofore issued, and to order the defendant confined on the judgment entered on the plea of guilty to the charge of driving a motor vehicle while under the influence of intoxicating liquor, this being his second offense.

The effect will be that the defendant will receive credit upon the new commitment for the time, if any, heretofore served upon the invalid commitment. *State v. Smith*, 267 N.C. 755, 148 S.E. 2d 844 (1966).

Modified and affirmed.

Chief Judge MALLARD and Judge BROCK concur.