STATE OF NORTH CAROLINA v. JIMMY LAWRENCE McNEIL AND ROBERT ATKINS

No. 7510SC487

(Filed 17 December 1975)

1. **Indictment and Warrant § 17— breaking and entering indictment — house used as dwelling — no variance with proof**
   There was no fatal variance between the indictment and the proof in a breaking and entering case where both indictment and proof indicated the location of a house which was broken and entered and whose custody and control rested in J. M. Chambers, and the statement in the indictment that the house was used as a dwelling house was surplusage.

2. **Criminal Law § 162— motion to strike testimony — lack of specificity**
   Where defendants failed to single out the objectionable statement in the trial court's instruction following defendant's objection to testimony, and defendants did not make that alone the subject matter of their motion to strike, defendants cannot complain that the court struck the wrong testimony.

APPEAL by defendants from *Chess, Judge.* Judgment entered 14 March 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 24 September 1975.

Defendants were tried on indictments charging each of them with felonious breaking or entering.

Evidence for the State tended to show that Mr. Chambers resided at Route 10, Raleigh on 18 October 1973; that on that date someone tore down the doors to the house he was renting, went in and took certain items of furniture of the approximate

value of between $2,000 and $3,000. Mr. Chambers was not living in the house that was broken into and the address of the house he was living in was Route 10, Raleigh.

Anna Faison Lyons, a State's witness, testified that she was on probation for breaking and entering Chambers' house at Route 10, on the 18th of October 1973 across from Holding Technical Institute. She stated that she had discovered the house with the furniture in it at an earlier time. She and her boyfriend later stole several items and she told the defendants McNeil and Atkins about the house. She and the two defendants went to the house and she saw the two defendants inside taking a vacuum cleaner and some blankets. She denied that she received probation in return for her plea of guilty and said that although she was placed on probation she entered her plea without receiving any promise as to punishment.

Defendants offered no evidence.

From a verdict of guilty of felonious breaking or entering as to each defendant and judgment of imprisonment pronounced thereon, the defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General T. Buie Costen, for the State.*

*Joyner and Howison, by Odes L. Stroupe, Jr., for defendant appellant Jimmy Lawrence McNeil.*

*Howard P. Satisky, for defendant appellant Robert Atkins.*

MARTIN, Judge.

[1] Defendants' first assignment of error is directed at the denial of their motions for nonsuit based on an alleged fatal variance between the evidence and the bills of indictment.

The indictments of each defendant charge breaking and entering a "building occupied by J. M. Chambers used as a dwelling house located at Route 10, Box 257A, Raleigh, North Carolina." G.S. 14-54 provides that "any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2." The statute defines "building" as "dwelling, dwelling house, uninhabited house . . . and any other structure designed to house or secure within it any activity or property."

State v. McNeil

Thus, the indictment would, in this pertinent part have been sufficient if it had stated "building occupied by J. M. Chambers located at Route 10, Box 257A, Raleigh, North Carolina." *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972).

Additional allegations of the indictment are surplusage.

Defendants' contention that it is the "uncontradicted evidence" of the State that the building broken into was not located at the address stated in the indictment ignores the testimony of Anna Faison Lyons. Without objection, she testified "[a]s to whether or not I did break into Mr. Chambers' house at Route 10 on the 18th of October, 1973, across from Holding Technical Institute, yes, I did." Her subsequent testimony and the prior evidence of Mr. Chambers clearly identify the building involved and distinguish it from the personal residence of Mr. Chambers.

The cases of *State v. Brown,* 263 N.C. 786, 140 S.E. 2d 413 (1965) ; *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967) ; and *State v. Watson,* 272 N.C. 526, 158 S.E. 2d 334 (1968), relied upon by the defendants are distinguishable. In each case, corporations were involved in the variance between indictment and proof. In this case, there is no question that the custody and control of the building involved was vested in J. M. Chambers as set forth in the indictment. We hold that there is no fatal variance between the indictment and the evidence. This assignment of error is overruled.

[2]  The defendants' second assignment of error is that "The court committed prejudicial error during the course of the trial by improperly expressing an opinion with regard to an objection made by defendant." This assignment of error is based on defendants' exception number 1 which was taken during direct examination of State's witness James M. Chambers and when the following occurred:

"My name is James M. Chambers. As of the 18th of October, 1973, I was living out on—known as Old Smithfield Road, RF 10 out of Raleigh. Route 10, near Holding Technical Institute. As to what sort of premises I was living in, I was living in my house. As to how long I had been living in that house, as of the 18th of October, oh, about a little over two and a half years. Now, I was not living in the house that was broken into.

Mr. Satisky: Objection.

Mr. Stroupe: Objection and motion to strike.

The Court: Members of the jury, disregard the testimony of the witness to the fact that he was not living in the house that was broken into.

EXCEPTION NO. 1."

Defendants say they were objecting and moving to strike the response of the witness because it assumed that a house was "broken into." They argue that the judge should have instructed the jury to disregard the implication by the witness that the house was in fact broken into but instead instructed the jury in such a manner that this implication was reinforced. Thus, they say, the court expressed an opinion on the evidence in violation of G.S. 1-180.

Defendants did not specify what portion of the testimony they wanted stricken and the judge, quite reasonably, struck the sentence immediately preceding the objection that contained the offensive testimony.

For failure of the defendants to single out the objectionable statement and make that alone the subject matter of their motion, the court could have properly overruled the objection. The court's action in striking the last full sentence of the witness's testimony appears reasonable under the circumstances. This assignment of error is overruled.

We have carefully examined all of defendants' remaining assignments of error and find no prejudicial error such as would warrant the granting of a new trial.

Accordingly, in the trial and judgments appealed from we find

No error.

Chief Judge BROCK and Judge VAUGHN concur.