STATE OF NORTH CAROLINA v. GREGORY NORMAN

No. COA01-582

(Filed 2 April 2002)

**1. Appeal and Error— indictment—not challenged at trial**

A defendant on appeal may challenge an indictment on the grounds that the indictment is insufficient to support the offense of which defendant was convicted, even when defendant failed to challenge the indictment on this basis at the trial level.

**2. Burglary and Unlawful Breaking or Entering— breaking and entering—ownership of property**

The trial court correctly denied a motion to dismiss a felonious breaking and entering charge that was based upon the argu-

ment that the indictment was insufficient in specifying the ownership of the property. The building broken into was sufficiently identified; it was not necessary to allege ownership of the building or ownership of the property defendant intended to steal.

**3. Larceny— indictment—identity of corporate victim— insufficient**

A larceny indictment which alleged that property was taken from "Quail Run Homes Ross Dotson, Agent" was fatally defective because it lacked any indication of the legal ownership status of the victim.

**4. Burglary and Unlawful Breaking or Entering— variance— identity of corporate agent—immaterial**

A variance between an indictment for felonious breaking and entering and the evidence concerning the agent for the corporate victim was immaterial and not fatal. The variance did not prevent defendant from preparing his defense or leave defendant vulnerable to another prosecution for the same incident.

**5. Evidence— larceny—whether property valuable or easily pawned—door opened**

The trial court did not err in a prosecution for felonious larceny and felonious breaking and entering by admitting evidence from the general manager of the corporate victim about whether the lamps allegedly stolen by defendant had been stolen in the past. Defendant had opened the door by asking an officer whether the lamps were valuable or easy to pawn.

**6. Sentencing— consolidated convictions—one reversed— sentence remanded**

A sentence was remanded for resentencing where 5 convictions had been consolidated and one was reversed. It was possible that the reversed conviction influenced the trial judge on the length of sentence imposed.

Appeal by defendant from judgment entered 9 November 2000 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 20 February 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General William R. Miller, for the State.*

*J. Clark Fischer for defendant-appellant.*

HUNTER, Judge.

Gregory Norman ("defendant") appeals from a judgment entered upon a verdict of guilty on the charges of felonious breaking and entering, felonious larceny, resisting arrest, assault upon an officer, and habitual felon. On appeal, defendant argues that the charges of felonious breaking and entering and felonious larceny should have been dismissed due to an insufficient indictment and due to a fatal variance between the indictment and the evidence at trial. Defendant also assigns error to the trial court's admission of certain evidence at trial. We vacate the judgment on the charge of felonious larceny, hold there was no error in the judgment on the remaining charges, and remand for resentencing.

The evidence at trial tended to show that on the evening of 19 July 2000, defendant, who was intoxicated at the time, forcibly entered a trailer belonging to a company called "Quail Run Homes" by breaking a window on the trailer. At the time, the trailer was on display for sale at the company's display lot, and it was unoccupied. At some subsequent point in time that same evening or very early the next morning, Officer M.J. Snow of the Winston-Salem Police Department was walking by the trailer with a police dog and saw the door to the trailer open and then quickly close. After about ten seconds, the door opened again and defendant stood in the doorway holding two electric lamps, one under each arm. Officer Snow ordered defendant to come out of the trailer, but defendant remained in the trailer and closed the door. Defendant then opened a different door at the back of the trailer and told Officer Snow he would come out if Officer Snow would restrain his police dog. When defendant exited the trailer, Officer Snow ordered him to lie on the ground, but defendant continued to walk away from the officer. As defendant approached his own car, which was parked close to the trailer, Officer Snow sprayed defendant with pepper spray. Defendant grabbed Officer Snow and pushed him, at which point the police dog attacked defendant, knocked him to the ground, and Officer Snow placed him under arrest. Subsequent to defendant's arrest, Officer Snow inspected the trailer and discovered a broken window and pry marks on a door. He also found the two electric lamps which were still inside the trailer.

Defendant was indicted and tried on five charges: (1) felonious breaking and entering, pursuant to N.C. Gen. Stat. § 14-54(a) (1999); (2) felonious larceny, pursuant to N.C. Gen. Stat. § 14-72(b)(2) (1999); (3) resisting an officer, pursuant to N.C. Gen. Stat. § 14-223

STATE v. NORMAN

[149 N.C. App. 588 (2002)]

(1999) (misdemeanor); (4) assaulting an officer, pursuant to N.C. Gen. Stat. § 14-33(c)(4) (1999) (misdemeanor); and (5) being an habitual felon, pursuant to N.C. Gen. Stat. § 14-7.1 (1999). At the close of the State's evidence, and again at the close of all the evidence, defendant moved to dismiss the charges of felonious breaking and entering and felonious larceny, which motions were denied. Defendant was found guilty on all charges and sentenced to 80 to 105 months in prison. Defendant appeals.

On appeal, defendant presents two arguments for our review. The first argument pertains to the trial court's denial of defendant's motion to dismiss. The second argument pertains to the admission of certain evidence.

I.

[1] Defendant first argues that his motion to dismiss should have been granted as to the charges of felonious breaking and entering and felonious larceny. Defendant presents two independent grounds to support this argument: (1) the indictment, on its face, is insufficient in specifying the ownership of the property that was the subject of the crime; and (2) there was a fatal variance between the indictment and the evidence presented at trial.

We first note that defendant's motion to dismiss was not, in fact, based upon the contention that the indictment is insufficient on its face. Rather, the motion to dismiss was based solely upon the grounds that there existed a fatal variance between the indictment and the evidence presented at trial. However, a defendant on appeal may challenge an indictment on the grounds that the indictment is insufficient to support the offense of which defendant was convicted, even when the defendant failed to challenge the indictment on this basis at trial. *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419, *disc. review improvidently allowed*, 349 N.C. 289, 507 S.E.2d 38 (1998). Thus, we review both grounds upon which defendant contends his motion to dismiss should have been granted.

A. Sufficiency of the Indictment

[2] Defendant contends that the motion to dismiss should have been granted as to the charges of felonious breaking and entering and felonious larceny because the indictment, on its face, is insufficient in specifying the ownership of the property that was the subject of the crime. With regard to the felonious breaking and entering charge, defendant's argument is without merit.

Defendant was convicted of felonious breaking and entering, pursuant to N.C. Gen. Stat. § 14-54(a) ("[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon"). As to the building itself, it was not necessary that the indictment allege ownership of the building; it was only necessary that the State "identify the building with reasonable particularity so as to enable the defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense." *State v. Carroll*, 10 N.C. App. 143, 145, 178 S.E.2d 10, 12 (1970). Ideally, an indictment for violation of N.C. Gen. Stat. § 14-54 should "identify the subject premises by street address, highway address, or other clear designation." *State v. Melton*, 7 N.C. App. 721, 724, 173 S.E.2d 610, 613 (1970). Here, the indictment alleged that defendant did break and enter a building occupied by Quail Run Homes located at 4207 North Patterson Avenue in Winston-Salem, North Carolina. Thus, the particularity with which the indictment identified the building was sufficient.

As to the ownership of the property defendant intended to steal, it is well established that, where a defendant is charged with breaking and entering with felonious intent to steal,

> neither the identification of the owner of the personal property sought to be stolen nor the accomplishment of the felonious intent is a prerequisite of guilt. A person is guilty of feloniously breaking and entering a dwelling house if he unlawful[ly] breaks and enters such dwelling house with the intent to steal personal property located therein without reference to the ownership thereof.

*State v. Thompson*, 280 N.C. 202, 214-15, 185 S.E.2d 666, 674 (1972). For example, in *State v. Crawford*, 3 N.C. App. 337, 164 S.E.2d 625 (1968), the defendant argued that his motion for judgment as of nonsuit should have been allowed because the bill of indictment charged the crime of feloniously breaking and entering a certain building with intent to steal, pursuant to N.C. Gen. Stat. § 14-54, without identifying the ownership of the property the defendant allegedly intended to steal. We rejected the defendant's argument based upon the following reasoning:

> In the instant case, it was incumbent upon the State to establish that, at the time the defendant broke and entered, he intended to steal something. However, it was not incumbent upon the State

to establish the ownership of the property which he intended to steal, the particular ownership being immaterial.

*Id.* at 341, 164 S.E.2d at 628. Thus, in the present case, it was not necessary that the indictment set forth the ownership of the property that defendant intended to steal.

[3] However, as to the larceny charge, we are compelled to agree with defendant that the indictment is insufficient. Any crime that occurs when a defendant offends the ownership rights of another, such as conversion, larceny, or embezzlement,

> requires proof that someone other than a defendant owned the relevant property. Because the State is required to prove ownership, a proper indictment must identify as victim a legal entity capable of owning property. An indictment that insufficiently alleges the identity of the victim is fatally defective and cannot support conviction of either a misdemeanor or a felony.

*State v. Woody,* 132 N.C. App. 788, 790, 513 S.E.2d 801, 803 (1999). Furthermore, where the victim is not an individual, the indictment must allege that the victim was "a legal entity capable of owning property." *Id.* at 790, 513 S.E.2d at 803. If the indictment fails to so allege, it is "fatally defective." *Id.*

Here, the indictment alleges that defendant did "steal, take and carry away 2 electric lamps, the personal property of Quail Run Homes Ross Dotson, Agent, such property having a value of $40.00." Because the indictment lacks any indication of the legal ownership status of the victim (such as identifying the victim as a natural person or a corporation), it is fatally defective and cannot support defendant's conviction. *See State v. Thornton,* 251 N.C. 658, 111 S.E.2d 901 (1960) (indictment alleging defendant embezzled from "The Chuck Wagon" fatally defective for failing to allege fact that victim was corporation since name itself did not import a corporation); *State v. Thompson,* 6 N.C. App. 64, 169 S.E.2d 241 (1969) (same result where indictment alleged defendant committed larceny of property owned by "Belk's Department Store"). Accordingly, the judgment on the charge of felonious larceny pursuant to N.C. Gen. Stat. § 14-72(b)(2) must be vacated.

## B. Fatal Variance

[4] Defendant also contends that his motion to dismiss should have been granted as to the charges of felonious breaking and entering and

felonious larceny because of a fatal variance between the indictment and the evidence. Because we have already determined that the judgment against defendant on the charge of felonious larceny must be vacated, we address only whether there was a fatal variance as to the felonious breaking and entering charge.

Whether an indictment is sufficient on its face is a separate issue from whether there is a variance between the indictment and the evidence presented at trial, although both issues are based upon the same concerns. A variance occurs where the allegations in an indictment, although they may be sufficiently specific on their face, do not conform to the evidence actually established at trial. *See* 41 Am. Jur. 2d *Indictments and Informations* § 257 (1995). Nonetheless, both issues are based upon the same concerns: to insure that the defendant is able to prepare his defense against the crime with which he is charged, and to protect the defendant from another prosecution for the same incident. *See State v. Coffey*, 289 N.C. 431, 438, 222 S.E.2d 217, 221 (1976); *State v. McDowell*, 1 N.C. App. 361, 365, 161 S.E.2d 769, 771 (1968).

In order for a variance to warrant reversal, the variance must be material. *McDowell*, 1 N.C. App. at 365, 161 S.E.2d at 771 ("[i]t is the settled rule that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense"). A variance is not material, and is therefore not fatal, if it does not involve an essential element of the crime charged. *See* 41 Am. Jur. 2d *Indictments and Informations* § 259. For example, in *State v. Miller*, 271 N.C. 646, 157 S.E.2d 335 (1967), our Supreme Court held that the variance between the indictment, which alleged that stolen rings were the property of "Friedman's Jewelry, a corporation," and the evidence, which showed that the rings were the property of "Friedman's Jewelry, Incorporated," was not fatal as to the charge of felonious larceny. Also by way of example, in *State v. Davis*, 253 N.C. 224, 116 S.E.2d 381 (1960), our Supreme Court held that the variance between the indictment, which alleged that property was stolen from "T. A. Turner Co., a corporation," and the evidence, which showed that the property was stolen from "T. A. Turner & Co., Inc.," was not fatal.

Here, the indictment alleges that defendant "unlawfully, willfully and feloniously did break and enter a building occupied by Quail Run Homes, Ross Dotson Agent used s [sic] a retail mobile park located at 4207 N. Patterson Ave. Winston-Salem, NC with the intent to commit a larceny therein." Defendant contends there was a fatal variance

because, although the evidence otherwise comported with these allegations, the evidence failed to show that any individual named "Ross Dotson" had any connection to Quail Run Homes or the trailer in question. We hold that this variance is immaterial and, therefore, not fatal.

As noted above, an indictment charging a violation of N.C. Gen. Stat. § 14-54(a) need only "identify the building with reasonable particularity so as to enable the defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense." *Carroll*, 10 N.C. App. at 145, 178 S.E.2d at 12. Also as noted above, an indictment for violation of N.C. Gen. Stat. § 14-54 should "identify the subject premises by street address, highway address, or other clear designation." *Melton*, 7 N.C. App. at 724, 173 S.E.2d at 613.

The indictment in this case is sufficient in that it alleges that the building is occupied by Quail Run Homes, and that it is located at 4207 North Patterson Avenue in Winston-Salem, North Carolina. As to these material allegations, the evidence conformed to the indictment. Although the indictment also alleges that Ross Dotson is an agent for Quail Run Homes, we believe this allegation is "surplusage" and immaterial. *See State v. McNeil*, 28 N.C. App. 125, 127, 220 S.E.2d 401, 402 (1975), *appeal dismissed and disc. review denied*, 289 N.C. 454, 223 S.E.2d 163 (1976). The fact that the evidence failed to show that Ross Dotson was the agent for Quail Run Homes did not prevent defendant from preparing his defense, or leave defendant vulnerable to another prosecution for the same incident. *See McDowell*, 1 N.C. App. at 365, 161 S.E.2d at 771; *see also State v. Vawter*, 33 N.C. App. 131, 134, 234 S.E.2d 438, 441 (no fatal variance where indictment alleged defendant " 'did feloniously break and enter a building occupied by E. L. Kiser [sic] and Company, Inc., a corporation d/b/a Shop Rite Food Store used as retail grocery located at Old U. S. Highway #52, Rural Hall, North Carolina, . . .' " and evidence showed that Kiger family, rather than corporation, owned and operated the Shop Rite Food Store located on Old U.S. 52 at Rural Hall), *disc. review denied*, 293 N.C. 257, 237 S.E.2d 539 (1977). Thus, we hold that the variance between the indictment and the evidence was immaterial and not fatal as to the charge of felonious breaking and entering.

## II.

[5] Defendant also assigns error to the trial court's admission of certain evidence. At trial, the State asked Sue Fiala, the general manager

of Quail Run Homes, whether the kind of lamps allegedly stolen by defendant had ever been stolen from Quail Run Homes in the past. Defendant objected and the trial court overruled the objection. Ms. Fiala responded that such lamps had been stolen on more than a dozen occasions in the ten years that she had worked at Quail Run Homes. On appeal, defendant contends that this testimony was irrelevant and prejudicial, and that the admission of this testimony constitutes reversible error. We disagree.

Prior to Ms. Fiala taking the stand, defendant asked Officer Snow on cross-examination whether the type of lamps stolen by defendant would be difficult to "pawn," and whether the lamps would have any significant value if one attempted to sell such lamps. Clearly the purpose of asking such questions was to suggest to the jury that defendant did not intend to steal the lamps in question because he would not have intended to steal property that is not valuable and would be difficult to pawn. We hold that by questioning Officer Snow as to whether the lamps were valuable or easy to pawn, defendant "opened the door" for the State to ask Ms. Fiala similar or related questions.

> "The law 'wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself.' " "Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially."

*State v. McNeil,* 350 N.C. 657, 682, 518 S.E.2d 486, 501 (1999) (citations omitted), *cert. denied,* 529 U.S. 1024, 146 L. Ed. 2d 321 (2000). Thus, we hold that the trial court's admission of Ms. Fiala's testimony during the State's direct examination was not error because defendant had "opened the door" to the subject of the value of the lamps during the cross-examination of Officer Snow, and the State was entitled to offer evidence to explain or rebut Officer Snow's testimony.

[6] For the reasons stated herein, we vacate the judgment against defendant on the charge of felonious larceny, but otherwise hold there was no error in the trial court's judgment. Since all five of the convictions were consolidated for judgment and sentencing, and since it is possible that defendant's conviction on the felonious larceny charge influenced the trial court's judgment on the length of

the sentence imposed, we remand for resentencing. *See State v. Brown*, 350 N.C. 193, 213, 513 S.E.2d 57, 70 (1999); *State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987).

Vacated in part, no error in part, and remanded.

Judges WALKER and BRYANT concur.