State v. Holland

STATE OF NORTH CAROLINA v. WILLIE HOLLAND AND
EDDIE LEE BURRIS

No. 7327SC705

(Filed 19 December 1973)

1. **Criminal Law § 66— in-court identification of defendants — observation at crime scene as basis**

   Evidence in an armed robbery case that the witnesses had over ten minutes to observe defendants at the crime scene was sufficient to support the trial court's finding that in-court identifications of defendants were based on such observation and not tainted by any pretrial procedure.

2. **Criminal Law § 97— additional evidence offered by State — no prejudicial error**

   The trial court in an armed robbery case did not abuse its discretion in allowing the State to put on additional evidence relating to a pistol after it had closed its case where, after the evidence was in, the court instructed the jury to disregard it, strike it from their minds, and not consider it during their deliberations, the State rested, defendants were asked if they had further evidence, and defendants answered in the negative.

3. **Criminal Law §§ 92, 113— cases consolidated for trial — separate issues submitted to jury**

   Trial court's instruction in the trial of two defendants for armed robbery was proper where the court carefully charged the jury that an issue would be submitted as to each defendant, that, though the cases against defendants were consolidated, there were still two separate cases, that the jury could find both defendants guilty, or both not guilty, or one guilty and the other not guilty.

4. **Criminal Law § 168— robbery of one man alleged — charge on robbery of two men — no prejudicial error**

   Defendants in an armed robbery case were not prejudiced by the court's reference in its charge to two men as having been robbed, though the indictment charged armed robbery of only one of the men, since the uncontradicted evidence was that both men were robbed.

**5. Robbery § 3— armed robbery prosecution — evidence of defendant's ability to post bond — admissibility**

   Where there was evidence of one defendant's unsteady employment during the time preceding the alleged robbery and there was evidence that over $600 was taken in the robbery, the solicitor's question as to defendant's ability to post bond was relevant, and the solicitor's statement that he thought the question was "proper to show that [defendant] had that three hundred dollars in possession" was not prejudicial to defendant.

**6. Criminal Law § 126— polling the jury — possible error cured**

   Any error in the jury polling procedure in defendants' trial for armed robbery was cured when all the jurors assented to the verdict.

**7. Robbery § 4— armed robbery — sufficiency of evidence**

   Evidence was sufficient to uphold the jury's verdict of guilty of armed robbery where the evidence tended to show that the two defendants entered a store together, one defendant pulled a gun, the defendants emptied the cash register and took money from a store employee, and defendants were seen leaving the store together.

APPEAL by defendants from *Friday, Judge,* 12 March 1973 Session, Superior Court, GASTON County.

Defendants were charged, in indictments proper in form, with armed robbery. From judgment entered on the jury verdict of guilty as charged, each defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Wood, for the State.*

*Childers and Fowler, by Henry L. Fowler, Jr., for defendant Willie Holland, appellant.*

*Harris and Bumgardner, by Tim L. Harris and Don H. Bumgardner, for defendant Eddie Lee Burris, appellant.*

MORRIS, Judge.

Although in some instances assignments of error are not identical, and an assignment may not be applicable to both defendants, for the most part, their contentions are the same. We will first treat the assignments of error applying to both. If deemed necessary, we will discuss exceptions and assignments of error which apply only to one defendant.

[1]   Both defendants contend that identification evidence should not have been admitted. They asked for a voir dire after the evidence for the State was in. The court announced that although

State v. Holland

it recognized this was a highly irregular procedure and not approved by it, the voir dire examination would be allowed. After the examination, the court found as facts that the evidence showed that the prosecuting witnesses had had over ten minutes to observe the defendants; that this was ample opportunity to observe the defendants; that the in-court identification "did not result from any out-of-court confrontation or pre-trial identification or proceedings or conducive to mistaken identity. The court does not find that any pre-trial procedure was so unpermissive as suggested as to give rise to have substance (sic)." The evidence before the court, both from the State's evidence and the evidence on voir dire, was more than sufficient to support the court's findings. Upon its findings the court concluded that it would "allow this evidence to remain before the jury." In this we find no error.

Both defendants contend that the court erred in allowing the State, in its cross-examination of defendant Holland, to examine him with respect to a pistol which had not been identified and was displayed to the jury. The pistol had been found in defendant Burris's car. Both defendants moved for a mistrial and excepted to the court's allowing the State to put on additional evidence relating to the gun after it had closed its case. This is also the subject of an assignment of error for each defendant.

The evidence from both prosecuting witnesses was that Burris and Holland came in the store; Burris asked whether the gas pumps were working; that when Burris was told they were working, Holland pulled a twenty-two caliber nickel plated pistol and said: "This is a holdup." The solicitor had the pistol marked for identification, and the witness was unable, or refused, to identify it. It was not, therefore, introduced into evidence. We fail to see where defendants have been prejudiced.

[2]   With respect to the court's allowing the State to put on additional evidence relating to the gun after it had closed its case, "[i]t is discretionary with the trial court to permit the introduction of additional evidence after both parties have rested and arguments have been made to the jury, but the opposing party must be given an opportunity to offer additional evidence in rebuttal. (Citations omitted.)" *State v. Anderson,* 281 N.C. 261, 266, 188 S.E. 2d 336 (1972). In this case, after the evidence was in, the court instructed the jury to disregard it, strike

it from their minds, and not consider it during their deliberations. The State rested and defendants were asked if they had any further evidence. Both answered in the negative. We see no abuse of discretion, the defendants have shown none, and this assignment of error is overruled.

In connection with the cross-examination of defendant Holland concerning the pistol, defendant Burris contends that the court engaged in an exchange of derogatory remarks with counsel for defendant Holland. We find nothing in the record indicating the court made any derogatory remarks. The court did tell counsel at one point to sit down. This, the court had every right, in fact obligation, to do.

[3] Both defendants contend that the court erred in its charge in that by its charge it intertwined the guilt or innocence of the two defendants in such a manner that it required that they must both be acquitted jointly or found guilty jointly. This assignment of error is without merit. The court carefully instructed the jury that an issue would be submitted as to each defendant; that though the actions were consolidated, there were still two separate actions. The court further said "Now, the court instructs you that you may find both defendants guilty or you may find both defendants not guilty, or one of the defendants guilty and the other not guilty as you find the truth to be, you being the jury in this action." Conceding that at one point in the charge the court did use language which could, standing alone, be construed as defendants contend; nevertheless, in his final instruction he again told them there would be two issues— one as to the guilt or innocence of Holland and one as to the guilt or innocence of Burris. Read contextually, as it must be, we see no possible way for the jury to be confused or misled on this point.

Defendants both contend that the court erred in allowing witness Williams to testify with respect to the arrest of Burris without restricting the jury's consideration of this evidence to defendant Burris. This assignment of error cannot be sustained because the court, after Williams's evidence, instructed the jury not to consider any of it in their deliberation and ordered it stricken from the record.

[4] Both defendants also urge that reversible error occurred when, in his charge to the jury, the court referred to Bridges along with Stroupe as having been robbed. It is true that the

indictment charged armed robbery of only Stroupe. However, all
the evidence was to the effect that Stroupe and Bridges were
in the store at the time. Stroupe owned the store, and Bridges
worked for him. The uncontradicted evidence was that defend-
ants took all the money from the cash register and some $12
from Bridges. We cannot perceive how this inadvertence could
possibly have prejudiced either defendant.

[5]  We now discuss defendant Holland's assignments of error
which are separate and distinct from defendant Burris. One of
his contentions is that the court committed prejudicial error in
allowing the State to question the defendant Holland about
whether he had enough money to get out of jail by posting a
bond. Because of this, counsel for Holland twice moved for a
mistrial—once at the time the question was asked and again
by motion out of the presence of the jury. There was evidence
with respect to defendant Holland's unsteady employment for
the time preceding the alleged robbery. There was also evidence
that over $600 was taken in the robbery. We think the question
relevant. Certainly defendant Holland would have every oppor-
tunity to explain it on redirect examination. Additionally, the
witness never answered the question. It appears that counsel's
real objection is to the statement of the solicitor. Before the
court had an opportunity to rule on defendant's objection and
motion for mistrial, counsel for defendant said: "I think it's
a ridiculous and improper question." Whereupon the solicitor
stated: "Your Honor, I think it's proper to show that he had
that three hundred dollars in possession." Defendant moved for
a mistrial again, and the motion was overruled. He did not
move that the statement be stricken from the record or that
the court instruct the jury not to consider it. See *State v. Good-
ing,* 196 N.C. 710, 146 S.E. 806 (1929). We see no prejudicial
error in the court's refusal of the several motions for mistrial,
and this assignment of error is overruled.

[6]  Defendant Holland's seventh and last assignment of error
is to the polling of the jury. Upon the coming in of the verdict,
both defendants moved that the jury be polled. The record in-
dicates that only 11 jurors were polled. However, after the poll-
ing was completed, the following took place:

"Court: Would all the jurors please stand by? (All the
jurors stand.)

Court: You have found the defendant, Willie Holland, guilty of armed robbery. This is your verdict so say you all? (Jurors answer in the affirmative.)"

The same procedure was followed with respect to defendant Burris. Whether there was actually a failure to poll the twelfth juror or whether there was simply an omission in the record is immaterial, because any defect was cured by the jurors *all* assenting to the verdict.

In the trial of defendant Holland we find no prejudicial error.

We now discuss the assignments of error of defendant Burris which are not related to defendant Holland.

[7] Defendant Burris's first assignment of error is to the failure of the court to grant his motions for nonsuit. We do not deem it necessary to go into the evidence in detail. Suffice it to say that there was plenary evidence to uphold the jury's verdict of guilty of armed robbery. There was evidence that defendants entered the store together, Holland pulled a gun, Burris stood to one side and asked whether the gas pumps were working. After Holland pulled the gun out, Burris pushed Bridges and told him to move over. After defendants got the money, Bridges and Stroupe were ordered to a room in the back of the store. Through a crack in the door both defendants were seen leaving the store, Holland leading and Burris following him. This assignment of error is overruled.

Defendant Burris, by his next assignment of error contends the court erroneously allowed the solicitor to ask, on cross-examination, whether defendant Burris had said on direct examination that he had been to his girl friend's house at a certain address. The witness had testified on direct that he had been to that address and that a girl lived there. Defendant further says that the court's comment "He's crossing" constitutes an opinion. We fail to see any prejudicial error in the question allowed nor are we able to determine how the court's statement could constitute an expression of opinion.

Defendant Burris's assignments of error Nos. 5, 7, 8, 9 and 10 all relate to the alleged erroneous admission of evidence. We have carefully examined each assignment of error and are of the opinion that prejudicial error is not present.

Assignments of error Nos. 6 and 20 are submitted without argument. These assignments are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

By assignment of error No. 19 defendant Burris contends that the court used the word "accomplice" in its charge in referring to Burris rather than "aider or abettor." It is true that this inadvertence occurred in one place. It is inconceivable that this could constitute reversible error in light of the charge as a whole.

By his remaining assignment of error defendant Burris contends that a verdict should have been directed at the end of all the evidence, or defendant Burris granted a new trial for that the cumulative effect of error committed by the court resulted in prejudice to defendant Burris. These contentions have been answered.

Both defendants had a fair trial. The instructions to the jury fairly and accurately stated the law applicable. The sentences are within the statutory limits.

No error as to both defendants.

Judges PARKER and VAUGHN concur.