STATE OF NORTH CAROLINA v. CLAYTON ALLEN MARTIN
ALIAS MANUEL CLAY

No. 7519SC835

(Filed 17 March 1976)

1. **Robbery § 4; Indictment and Warrant § 17— robbery of grocery store — indictment naming employee — instructions as to another employee — no fatal variance**

   In an armed robbery prosecution wherein the indictment referred only to the armed robbery of a grocery store stock clerk, defendant was not prejudiced by the court's instruction that defendant would be guilty if the jury found defendant robbed the stock clerk or a female store employee where the evidence showed that defendant robbed various employees of the grocery store of company monies and did not rob the female employee of any of her personal property, since there was but a single criminal transaction and defendant is in no danger of a subsequent prosecution for the armed robbery of the female employee.

**2. Robbery § 5— armed robbery — failure to submit common law robbery**
    The trial court in an armed robbery prosecution did not err in failing to charge on the lesser included offense of common law robbery.

**3. Criminal Law § 66— in-court identification — failure to hold voir dire at time of objection — subsequent hearing**
    Defendant was not prejudiced when the trial court permitted a witness to identify defendant prior to conducting a *voir dire* examination after defendant interposed an objection where the court allowed a subsequent *voir dire* examination and determined that the identification was admissible.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 29 April 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 12 February 1976.

Defendant was indicted for the 19 May 1973 armed robbery of Clyde Adams, Jr., head stock clerk of a Kannapolis Big Star Food Store. From a plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary to decision are cited below.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Robert M. Critz for defendant appellant.*

MORRIS, Judge.

[1] Defendant, noting that the bill of indictment only referred to the alleged armed robbery of Clyde Adams, Jr., contends that the trial court erred in charging the jury that defendant would be accountable for the crime charged if they, inter alia, found beyond a reasonable doubt that defendant robbed "Mr. Adams or Mrs. Plott." Defendant argues that this variance " . . . is an inaccurate and misleading mandate on armed robbery." We disagree. This variance, if any, works no prejudice to the defendant and raises no constitutional claim of potential double jeopardy.

In *State v. Harris,* 8 N.C. App. 653, 657, 175 S.E. 2d 334 (1970), our Court stated that " '[t]he purpose of the rule as to variance is to avoid surprise and to protect the accused

from another prosecution for the same offense. . . . ' " (Citation omitted.) Here the evidence indicates that defendant, by the use or threatened use of a firearm, robbed various Big Star employees of company monies and did not rob Mrs. Plott of any of her personal property. Therefore, we have before us but one, single criminal transaction and the defendant is in no danger of a subsequent prosecution for the armed robbery of Mrs. Plott. This variance, therefore, worked no prejudice to defendant, and the charge did not confuse the jurors as to the charge for which defendant was being tried; namely, armed robbery of a food store's cash receipts. See: *State v. Potter*, 285 N.C. 238, 204 S.E. 2d 649 (1974); *State v. Ballard*, 280 N.C. 479, 186 S.E. 2d 372 (1972); *State v. Holland*, 20 N.C. App. 235, 201 S.E. 2d 85 (1973), cert. denied 284 N.C. 619 (1974). Cf: *State v. Johnson*, 23 N.C. App. 52, 208 S.E. 2d 206 (1974), cert. denied 286 N.C. 339 (1974).

[2]  Defendant next maintains that the trial court erred in failing to charge on the lesser included offense of common law robbery. We find no merit in this contention. Here all the evidence supports the instruction on armed robbery, and there is no evidence that defendant engaged in an offense tantamount to common law robbery. "If the State's evidence shows an armed robbery as charged in the indictment and there is no conflicting evidence *relating to the elements* of the crime charged an instruction on common law robbery is not required." *State v. Lee*, 282 N.C. 566, 569-570, 193 S.E. 2d 705 (1973); *State v. Segarra*, 26 N.C. App. 399, 216 S.E. 2d 399 (1975), cert. denied 288 N.C. 395 (1975).

[3]  Defendant also contends that the trial court erred in permitting witness Mike Stevens to identify the defendant prior to conducting a voir dire examination as to the admissibility of the witness's in-court identification after defendant interposed an objection. We overrule this contention. The trial court did allow a subsequent voir dire examination and determined that the identification was admissible. Moreover, Mike Stevens's identification of defendant merely corroborated previous in-court identifications offered by several other witnesses. While it would have been better procedure for the court to have conducted a voir dire upon defendant's first objection, we nevertheless deem it to be harmless in view of the total circumstances of this case.

We have considered defendant's other contentions and find them also to be without merit.

No error.

Judges VAUGHN and CLARK concur.