STATE OF NORTH CAROLINA v. JOSEPH EMANUEL THOMPSON

No. 8115SC556

(Filed 4 May 1982)

1. **Criminal Law § 114.4— jury instructions—prejudicial expression of opinion of judge**

   In a prosecution for armed robbery, the trial judge violated G.S. 15A-1232 which prohibits him from expressing an opinion as to whether a fact has been proved where he recounted testimony of three defense witnesses who testified they heard a State's witness who was charged for the same robbery say to the defendant that he had told the officers that the defendant was involved in the robbery because he thought the defendant was in California and where the trial judge then made the following statement: "In that connection you're entitled to know that only the presiding judge had the lawful authority to enter a judgment and that no plea bargain or plea arrangement has been mentioned to this presiding judge."

2. **Robbery § 2.2— indictment charging property taken from presence of accomplice**

   There was sufficient proof of lack of consent, an essential element of armed robbery, where an indictment charged that money was taken from the presence of Ivory Barbee, even if Ivory Barbee was an accomplice in the robbery, as there were other employees in the store when it was robbed and the evidence showed they did not consent to the taking of the property.

3. **Robbery § 5.4— failure to instruct on lesser offenses proper**

   In a prosecution for armed robbery, the trial court properly failed to submit common law robbery and larceny to the jury where the evidence showed that, while one of the employees may have been an accomplice, the other two employees did not consent to the taking of property from a store.

**4. Robbery § 4.3— armed robbery—evidence that guns not loaded**

Where the evidence showed that defendant took money from a restaurant by the use or threatened use of a gun, evidence by a defense witness that the guns were not loaded did not make the crime common law robbery rather than armed robbery. G.S. 14-87.

**5. Robbery § 5.2— armed robbery—instructions concerning property taken—no error**

In a prosecution for armed robbery, by instructing the jury that they could find the defendant guilty if they found the property was taken from any of several employees of a restaurant, the court did not deprive the defendant of a unanimous verdict since the gravamen of the offense was the taking of the property of the restaurant by the use or threatened use of a firearm and was not which of the employees was threatened.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 19 November 1980 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 November 1981.

The defendant was tried for armed robbery of the Burger King restaurant in Burlington, North Carolina. Allen Daniel Trotter, Jr., who was charged for the same robbery, testified for the State. Mr. Trotter testified that the defendant planned the robbery and asked him to participate. Mr. Trotter testified further that the defendant told him not to worry "that he had talked to his man Ivory and that 'Everything was going to be all right.'" According to Mr. Trotter's testimony, he and the defendant went to the Burger King on 13 July 1980 shortly after 2:00 a.m. Mr. Trotter was armed with a .357 magnum pistol and the defendant had a sawed-off shotgun. Three employees of the restaurant were on the premises. The two men bound the employees and waited until Ivory Barbee, the manager, arrived at 6:25 a.m. Mr. Barbee opened the safe and the two men removed the money from it. Mr. Barbee was then bound and the two men left the restaurant. Two employees of the restaurant testified as to the occurrence and identified Mr. Trotter as one of the two men who had been in the restaurant in the early morning hours of 13 July 1980.

The defendant testified he did not go to the Burger King with Mr. Trotter.

The defendant was found guilty of armed robbery and sentenced to 40 years in prison. He appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State.*

*Appellate Defender Adam Stein for defendant appellant.*

WEBB, Judge.

[1] The defendant has made seven assignments of error. We shall discuss some of them. In an effort to impeach the testimony of Mr. Trotter, the defendant put on three witnesses who were in jail with the defendant and Mr. Trotter. Each of them testified that he had heard Mr. Trotter say to the defendant that he had told the officers that the defendant was involved in the robbery because he thought the defendant was in California and he had been able to make an arrangement whereby he would receive no more than three years in prison on a guilty plea by "taking down" the defendant. In the charge the court recounted this testimony and then made the following statement: "In that connection you're entitled to know that only the presiding judge has the lawful authority to enter a judgment and that no plea bargain or plea arrangement has been mentioned to this presiding judge." We believe this statement by the presiding judge violated G.S. 15A-1232 which prohibits him from expressing an opinion as to whether a fact has been proved. *See State v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378 (1946). By telling the jury that only the judge has the authority to enter a judgment and no plea bargain had been mentioned to him, we believe the judge could have created a serious doubt in the minds of the jury as to the testimony of three of the defense witnesses who had testified they heard Mr. Trotter say he had made a plea bargain. We hold this was error which requires a new trial.

[2] The indictment charges that the property was taken from the presence of Ivory Barbee. In one assignment of error the defendant contends it would be a violation of his due process right under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) to affirm his conviction because there is not sufficient evidence for a rational trier of fact to be satisfied beyond a reasonable doubt of his guilt. He argues that this is so because all the evidence shows that Ivory Barbee was an accomplice to the crime which means the defendant did not take the money without Barbee's consent. The defendant concludes there

is not sufficient proof of lack of consent which is an essential element of armed robbery. *See State v. Perry*, 38 N.C. App. 735, 248 S.E. 2d 755 (1978).

Conceding for purposes of argument that the evidence shows Ivory Barbee consented to the taking of the money, we do not think the defendant's conviction violates *Jackson*. In *State v. Martin*, 29 N.C. App. 17, 222 S.E. 2d 718 (1976) this Court held that it was not error to charge the jury that they could find the defendant guilty of armed robbery if they were satisfied beyond a reasonable doubt that defendant robbed Mr. Adams or Mrs. Plott. The indictment referred only to Mr. Adams. The evidence showed that Mr. Adams and Mrs. Plott were working in a Big Star store which was robbed by the defendant in that case. In the instant case the indictment charges that the money was taken from the presence of Ivory Barbee. There were other employees in the Burger King when it was robbed and the evidence showed they did not consent to the taking of the property. Under *Martin* this would supply the element of lack of consent.

[3] In another assignment of error the defendant contends it was error not to submit common law robbery and larceny to the jury. He bases this argument on what he contends is the evidence of Mr. Barbee's consent to the taking of the money which would remove the element of taking without the consent of the person present and would make the crime larceny at most. As we have said, if the evidence shows that Barbee consented to the taking, it also shows the other employees did not consent. If the others did not, the crime could not be larceny.

[4] There was testimony by Mr. Trotter that the guns used in the robbery were not loaded, and the defendant argues that this was evidence from which the jury could conclude that a dangerous weapon was not used, making the crime common law robbery at most. All the evidence for the State shows that Mr. Trotter and the defendant entered the restaurant and pointed weapons at the employees of the restaurant before Mr. Barbee arrived. The other employees were then bound and held until Mr. Barbee came to the restaurant. The defendant relied on an alibi. We believe this evidence shows that if the defendant committed the crime with which he was charged, he was guilty of taking money from the restaurant by the use or threatened use of a

dangerous weapon. If he was guilty of anything, he was guilty of armed robbery. *See* G.S. 14-87. This assignment of error is overruled.

[5] In another assignment of error the defendant contends that by instructing the jury that they could find the defendant guilty if they found the property was taken from any of the employees, the court deprived the defendant of a unanimous verdict. He says this is so because some of the jurors could have found certain employees did not consent and other jurors could have found other employees did not consent. The gravamen of the offense is the taking of the property of Burger King by the use or threatened use of a firearm. *State v. Ballard*, 280 N.C. 479, 186 S.E. 2d 372 (1972). It is not which of the employees was threatened. If some jurors concluded the property was taken from the presence of one employee by the use or threatened use of a firearm and the other jurors concluded that in the same incident the property was taken from the presence of another employee by the use or threatened use of a firearm, this would be a unanimous verdict. *See State v. Martin, supra.*

We do not discuss the defendant's other assignments of error as the questions they raise may not recur at a new trial.

New trial.

Judge WELLS concurs.

Judge MARTIN (Robert M.) dissents.