STATE v. STEVENS

[94 N.C. App. 194 (1989)]

---

STATE OF NORTH CAROLINA v. TED GARFIELD STEVENS

No. 8830SC827

(Filed 6 June 1989)

1. **Robbery § 4.3 — use of butcher knife — sufficiency of evidence of armed robbery**

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery pursuant to N.C.G.S. § 14-87 where it tended to show that defendant had a ten-inch butcher knife in his possession and he used it in a threatening manner to accomplish the robbery.

STATE v. STEVENS

[94 N.C. App. 194 (1989)]

**2. Robbery § 1.2; Automobiles and Other Vehicles § 134— armed robbery—unauthorized use of vehicle—conviction for both proper**

Defendant could properly be convicted of armed robbery and unauthorized use of a motor vehicle arising from the same transaction where the crime of robbery took place in a supermarket; he took the keys from an employee; and he made his getaway in the employee's vehicle.

**3. Automobiles and Other Vehicles § 134— variance between indictment and proof immaterial**

Any variance between the allegations of the indictment that defendant took and carried away a 1983 Datsun automobile belonging to a named person without her permission and the verdict finding defendant guilty of the unauthorized use of a Nissan automobile was immaterial.

APPEAL by defendant from Snepp, Judge. Judgments entered 22 March 1988 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 8 May 1989.

Defendant was charged with the armed robbery of $1,898.00 from Ingles Grocery Store whereby the life of Delora Jean Treadway was endangered and threatened in violation of G.S. 14-87, and with felonious larceny of an automobile, the personal property of Delora Jean Treadway, in violation of G.S. 14-72.2(a). The evidence presented at trial tends to show the following:

On 6 December 1987, as the employees were closing Ingles Grocery Store, defendant accosted Steve Brock in the storeroom, grabbed him by the sweater and held a knife to his chest. While holding the knife, defendant forced all of the employees into an office and had one employee, Delora Jean Treadway, tie the others' hands behind their backs, open the safe and remove the money. Defendant took the money and Treadway's car keys, tied Treadway's hands and fled the scene. A few minutes later, defendant returned and asked Treadway which key started the car. After ascertaining which key started the car, defendant drove away in Treadway's car and was apprehended a short distance away from the store.

Defendant was found guilty of robbery with a dangerous weapon for which he was sentenced to 18 years imprisonment. Defendant

was also found guilty of unauthorized use of a motor vehicle and was sentenced to two years imprisonment to run concurrently with his sentence for armed robbery.

Attorney General Lacy H. Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State, appellee.

John I. Jay for defendant, appellant.

HEDRICK, Chief Judge.

[1] Defendant assigns error to the denial of his motion to dismiss, his objection to the verdict finding him guilty of armed robbery, and the entry of judgment on the verdict. These assignments of error raise only the question of whether the evidence was sufficient to support the verdict of guilty of armed robbery. Defendant argues "[t]here is absolutely no evidence that a firearm was used." This argument is fatuous. The record is replete with evidence that defendant had in his possession a ten-inch butcher knife which he used in a threatening fashion to accomplish the robbery of the money. While it is obvious that a knife is not a "firearm," it is a "dangerous weapon" as described by G.S. 14-87. The robbery described in the bill of indictment was accomplished by the use and the threatened use of a dangerous weapon to take the money from the employees of the store, including Delora Jean Treadway, named in the bill of indictment. See State v. Thompson, 57 N.C. App. 142, 291 S.E. 2d 266 (1982). These assignments of error have no merit.

Defendant also assigns error to the trial court's failure to submit to the jury the possible verdict of the lesser included offense of common law robbery. This record contains absolutely no evidence of common law robbery of money from the presence of Delora Jean Treadway. This assignment of error likewise has no merit.

[2] Defendant next argues that he suffered "conviction for the same crime twice by being convicted of armed robbery and the unlawful use of a conveyance." We disagree. Defendant was not charged with the armed robbery of an automobile. He was charged with the larceny of the automobile after the crime of armed robbery had been completed. We agree that larceny is a lesser included offense of armed robbery and that defendant could not be convicted for robbing someone of the automobile and also the larceny of the automobile. However, he can be convicted of the larceny of the

STATE v. STEVENS

[94 N.C. App. 194 (1989)]

automobile as a separate crime. *See State v. White*, 322 N.C. 506, 369 S.E. 2d 813 (1988). Defendant's contentions are without merit.

**[3]** Defendant's Assignments of Error Nos. 2, 6 and 7 all raise the question whether the evidence is sufficient to support the verdict finding him guilty of unauthorized use of a motor vehicle. Defendant was charged with the larceny of a 1983 Nissan automobile, the personal property of Delora Jean Treadway.

The unauthorized use of a motor conveyance may be a lesser included offense of larceny where there is evidence to support the charge. *State v. Coward*, 54 N.C. App. 488, 283 S.E. 2d 536 (1981). It is well-settled that the evidence in a criminal case must correspond with the allegations in the indictment which are essential and material to charge the offense. *State v. Simmons*, 57 N.C. App. 548, 291 S.E. 2d 815 (1982). The Supreme Court of the United States, in *Berger v. U.S.*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314, 1318 (1935), stated:

> The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecutionn for the same offense.

"A variance will not result where the allegations and proof, although variant, are of the same legal significance." *State v. Craft*, 168 N.C. 208, 212, 83 S.E. 772, 774 (1914). If a variance in an indictment is immaterial, it is not fatal. *Id.*

Any variance in the present case in the allegations of the indictment and the evidence adduced at trial is immaterial. Evidence tending to show that defendant took and carried away a 1983 Datsun automobile belonging to Delora Jean Treadway without her permission is sufficient to support the verdict finding defendant guilty of the unauthorized use of a Nissan automobile.

Defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and WELLS concur.