STATE OF NORTH CAROLINA v. DONALD O'KEITH ROMAN

No. COA09-1363

(Filed 4 May 2010)

**1. Appeal and Error— appealability—judgment arrested**

An argument concerning the denial of defendant's motion to dismiss a charge of resisting, delaying and obstructing a public officer was not considered on appeal where the trial court arrested judgment on the charge following the return of the jury verdict.

**2. Indictment and Information— variance—warrant and evidence—not material**

There was not a fatal variance between the warrant and the State's evidence in a prosecution for assaulting a government officer where defendant contended that he was arrested for being intoxicated and disruptive in public, while the warrant asserted that he was arrested for communicating threats. Whether the arrest was for communicating threats or for being intoxicated and disruptive was immaterial. Moreover, defendant was charged with both offenses and clearly had notice of all of the charges against him.

**3. Assault— on a government official—instructions—hitting or pushing officer**

There was no plain error in a prosecution for assault on a government officer in the court's instruction on the elements of the charge where the warrant referred to "hitting" the officer in the chest and the instruction referred to "hitting or pushing" the officer. There is no substantive difference between "hitting" and "pushing"; they are merely two words descriptive of the acts constituting defendant's assault on the officer.

Appeal by defendant from judgments entered 1 April 2009 by Judge Vance Bradford Long in Davidson County Superior Court. Heard in the Court of Appeals 13 April 2010.

*Attorney General Roy Cooper, by Deputy Director Caroline Farmer, for the State.*

*Paul Y.K. Castle, for defendant-appellant.*

STEELMAN, Judge.

Where the trial court arrested judgment on the charge of resist, delay, and obstruct a public officer, defendant's argument regarding an alleged variance between the charging warrant and the evidence presented at trial is not properly before this Court. Where the warrant for assault on a government officer clearly stated that the assault occurred during the discharge of the officer's official duties by arresting defendant, it is immaterial whether the arrest was for communicating threats or for being intoxicated and disruptive in public. There was no substantive difference between the verbs "hitting" and "pushing" in the trial court's jury instruction on the charge of assault on a government officer.

## I. Factual Background and Procedural History

This case arises out of a confrontation that occurred on the evening of 17 October 2005 near the corner of Raleigh and Pugh Streets in Lexington between Donald O'Keith Roman (defendant) and Officer Barry Hamilton (Officer Hamilton) of the Lexington Police Department. The testimony presented at trial was sharply conflicting. Because of the nature of defendant's assignments of error, we recite the relevant facts in the light most favorable to the State.

Officer Hamilton was sitting in his patrol car conducting "surveillance for illegal activity" across from a BP Station at about 8:42 p.m. on the evening of 17 October 2005. He observed defendant in the parking lot of the BP Station, yelling and making gestures towards his patrol car. Defendant crossed the road, approached the patrol car, and told Officer Hamilton to move his patrol car. Officer Hamilton declined to move the patrol car, and defendant told him that if he did not move he would "whip [his] ass." Defendant was asked to "move on before he got in trouble." Defendant then threatened to "jerk [Officer Hamilton] through [his] car window and beat [his] ass." Officer Hamilton exited his patrol car, and told defendant that he was under arrest. Defendant responded: "F— your laws. I live by my own laws."

Defendant reached into his pockets. Officer Hamilton advised defendant to turn around and put his hands behind his back. At this point, defendant "took off running." Officer Hamilton pursued defendant to the steps of a residence. Defendant was again told to put his hands behind his back. Defendant lunged at Officer Hamilton, who struck him with his baton. Defendant jumped back up, reached

into his pocket again, and "tried to force his way by [Officer Hamilton], he ran into [him], striking [him] in the chest area." Officer Hamilton struck defendant several more times with his baton, and was finally able to handcuff defendant.

Defendant was charged with four misdemeanors: communicating threats; being intoxicated and disruptive in a public place; resist, delay, and obstruct a public officer in the discharge of his duties; and assault on a government officer. On 1 April 2009, a jury found defendant guilty of all four charges. The trial court arrested judgment on the charge of resist, delay, and obstruct a public officer. Defendant was sentenced to an active term of 150 days on the assault on a government officer charge. The communicating threats and intoxicated and disruptive charges were consolidated for judgment, and defendant was sentenced to a consecutive, active sentence of 60 days. Release pending appeal was denied. Defendant appeals.

## II. Denial of Defendant's Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charges of resist, delay, and obstruct a public officer and assault on a government officer based upon a fatal variance between the warrant and the State's evidence at trial. We disagree.

### A. Standard of Review

In this matter, defendant moved to dismiss these two charges based upon a variance between the warrant and the State's evidence at the close of the State's evidence and renewed the motion at the close of all the evidence.

> A motion to dismiss for a variance is in order when the prosecution fails to offer sufficient evidence the defendant committed the offense charged. A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged. In order to prevail on such a motion, the defendant must show a fatal variance between the offense charged and the proof as to "the gist of the offense." This means that the defendant must show a variance regarding an essential element of the offense.

*State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (internal quotation, citation, and alterations omitted).

### B. Charge of Resist, Delay, and Obstruct a Public Officer

**[1]** Following the return of the jury verdict, the trial judge arrested judgment on the resist, delay, and obstruct a public officer charge. The trial judge did not articulate in the record his reasoning behind this action. "A motion in arrest of judgment is generally made after the verdict to prevent entry of judgment based on a defective indictment or some fatal defect on the face of the record proper." *State v. Davis*, 282 N.C. 107, 117, 191 S.E.2d 664, 670 (1972) (citations omitted). In the instant case, the effect of arresting judgment was to vacate the verdict. *State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990). Since the verdict has been vacated, it cannot be properly before this Court on appeal. This portion of defendant's argument is dismissed.

### C. Charge of Assault on a Government Officer

**[2]** The warrant charging defendant with assault on a government officer reads in, pertinent part, that defendant:

> willfully did assault and strike [Officer] B. Hamilton, a government officer of the Lexington, NC Police Department by hitting the officer several times in the chest and on his hand and attempting to pick the officer up. At the time of the offense the officer was discharging the following duty of that employment: placing the defendant under arrest for communicating threats to the officer.

Defendant contended at trial, and contends on appeal that Officer Hamilton testified that he was arresting defendant for being intoxicated and disruptive in public, and that this is a fatal variance from the warrant, which asserted the duty being discharged was to arrest defendant for communicating threats. Defendant further asserts that his right to notice of the charges faced under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, section 23 of the North Carolina Constitution were violated as a result of this variance.

We first note that the alleged conduct of defendant giving rise to the charges of communicating threats, and being intoxicated and disruptive in public occurred prior to defendant's alleged assault on Officer Hamilton. We further note that he was charged with both of these offenses as separate counts in the same warrant.

"In order for a variance to warrant reversal, the variance must be material." *State v. Norman*, 149 N.C. App. 588, 594, 562 S.E.2d 453,

457 (2002) (citing *State v. McDowell*, 1 N.C. App. 361, 365, 161 S.E.2d 769, 771 (1968)). "A variance will not result where the allegations and proof, although variant, are of the same legal significance. If a variance in an indictment is immaterial, it is not fatal." *State v. Stevens*, 94 N.C. App. 194, 197, 379 S.E.2d 863, 865 (quotation and citation omitted), *disc. review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989).

Defendant was charged pursuant to the provisions of N.C. Gen. Stat. § 14-33(c)(4), which makes it a crime when defendant: "(4) Assaults an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties[.]" N.C. Gen. Stat. § 14-33(c)(4) (2009). In the instant case, the pivotal element was whether the assault was committed while Officer Hamilton was discharging his official duties. The official duty being performed was arresting defendant. Whether the arrest was for communicating threats or for being intoxicated and disruptive is immaterial. The State clearly presented substantial evidence that defendant assaulted Officer Hamilton while he was arresting defendant. There was no fatal variance between the warrant and the State's evidence.

Further, defendant can show no prejudice, since, as noted above, both the communicating threats and the intoxicated and disruptive conduct occurred prior to the assault, and defendant was charged with both offenses. Defendant clearly had notice of all of the charges against him.

This argument is without merit.

### III. Jury Instructions

[3] In his second argument, defendant contends that the trial court committed plain error in instructing the jury on the elements of assault on a government officer. We disagree.

### A. Standard of Review

Defendant failed to object to the trial court's instruction, even though this issue was discussed at the charge conference. Our review is thus limited to plain error analysis. The plain error rule is only applied where, "after reviewing the entire record, . . . it can be fairly said the 'instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quotation omitted).

**STATE v. ROMAN**

[203 N.C. App. 730 (2010)]

## B. Instruction of "Hitting or "Pushing" Officer Hamilton in the Chest

The warrant for assault refers to three distinct acts constituting assault: (1) hitting the officer in the chest; (2) hitting the officer on his hand; and (3) attempting to pick the officer up. The trial judge instructed the jury only on "hitting or pushing [Officer] Hamilton on the chest." Defendant argues that the "pushing" language was not in the warrant, and that by inserting this language the trial court injected a new and improper theory into the case.

Defendant's brief recites the relevant portion of Officer Hamilton's testimony. After striking defendant with his baton, defendant got back up. Officer Hamilton testified: "When he tried to force his way by me, he ran into me, striking me in the chest area." We hold that there is no substantive difference between the verbs "hitting" and "pushing." They are merely two words descriptive of the acts constituting defendant's assault on Officer Hamilton. *See State v. Porter*, —— N.C. App. ——, ——, 679 S.E.2d 167, 171 (2009) (holding that for purposes of establishing violence necessary to support a conviction for common law robbery, there was no material difference between whether the defendant struck or pushed the victim). The trial court's instruction did not constitute error, much less plain error in this case.

This argument is without merit.

Defendant has not argued his remaining assignment of error and it is deemed abandoned. N.C.R. App. P. 28(b)(6) (2009).

NO ERROR IN PART; DISMISSED IN PART.

Judges WYNN and CALABRIA concur.